UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
**Case Number: 9:15–cv–81569–KAM**

PAH CO.,

    Appellant,                                    Bankruptcy Case No. 11–19665–EPK

vs.

GARY P. ELIOPOULOS,

    Appellee.
_____/

**RESPONSE IN OPPOSITION TO MOTION FOR
EXTENSION OF TIME TO FILE APPELLATE BRIEF**

Appellee, Gary Eliopoulos ("Eliopoulos"), responds in opposition to the request by Peter Halmos, *pro se* ("Halmos") for an extension of time for Appellant, PAH Co. ("PAH") to file its initial appellate brief.  In support of his response Eliopoulos states:

1.    This appeal was filed in November 2015 and has been pending for over seven months.  PAH has failed to file an initial brief during that time.

2.    The failure of the company to file a brief is not due to an honest mistake or excusable neglect.  To the contrary, PAH was aware of its deadline and requested several extensions to file a brief during February and March.  The Court granted each such request.  ECF Nos. 14, 16 and 18.

3.    Until recently, the deadline for PAH to file a brief was Monday March 21, 2016. ECF No. 18.  As set forth in the *Motion to Dismiss Bankruptcy Appeal and Supporting Memorandum of Law* filed by Eliopoulos, during the evening of March 21 Halmos, who is the principal of PAH, e-mailed undersigned counsel to advertise that "PAH Co will not be filing its appeal tonight[.]" See ECF No. 20 at p. 2.  On March 31 PAH filed a notice with the Court

contending that "legitimate appellate review of the orders and issues noticed for appeal is impossible." ECF No. 19.  During the succeeding months the company did not file a brief and displayed utter indifference to the deadline set by this Court to do so.

4. Following a June 14 status conference with the Court, PAH requested yet another, fourteen-day extension of time to file an initial brief.  ECF No. 32.  The Court granted that request in part, and offered PAH a final bite at the proverbial apple be requiring a brief to be filed by today, June 21.

5. On cue, Halmos has filed a *pro se* letter doing the afternoon of June 21 requesting yet more time—through June 24—for PAH to file a brief.  ECF No. 36.  The letter states in relevant part, "Despite our every effort—and if under our circumstances we could have worked longer and harder, please know we certainly would—it is impossible for us to comply with the June 21 deadline in your Order." *Id.*  The letter does not elaborate why it is "impossible" to meet a briefing deadline that has been extended on four occasions from March 1.  *See* ECF Nos. 14, 16, 18 and 35 (orders extending briefing deadline).

6. Bizarrely, the letter purports to be signed by Halmos, acting *pro se*, but was e-filed under the login of current counsel for PAH in this appeal, Bernard Lebedeker.  *See* ECF No. 36.  It is unknown at this time if Halmos has obtained access to Mr. Lebedeker's CM/ECF account without authorization or Mr. Lebedeker is instead allowing third parties to file documents in federal court under his name.  Either scenario is troubling.

7. The Court should deny the request—whether made by Halmos, Mr. Lebedeker or some other individual—for various reasons.  First, and most obviously, the letter contains no certification under Local Rule 7.1(a)(3), and the undersigned were never conferred regarding the requested extension.  Second, it is a well-settled principle of law that a corporation cannot appear

*pro se* but must instead be represented by counsel.  *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385–86 (11th Cir. 1985).  Halmos is not an attorney and has no ability to act for PAH in this appeal by filing *pro se* letters.

8. Procedural deficiencies aside, however, it is obvious that PAH is not taking the Court's deadlines seriously.  After allowing a March 21 deadline to expire for months, PAH recently sought the Court's indulgence to revive the deadline to June 29.  ECF No. 32.  The Court specifically denied that request in part, and gave the company until today, June 21.  PAH is apparently interpreting today's deadline as a mere suggestion, however, and is seeking yet another extension for its long overdue filing.

9. The subject orders of this appeal are sanctions orders issued by United States Bankruptcy Judge John K. Olson against PAH and its then-counsel, L. Louis Mrachek, Esq., for prosecuting an unsuccessful motion to disqualify the undersigned.  In sanctioning PAH, Judge Olson observed:

> The Court cannot overlook the vindictive and meanspirited way in which the Motion to Disqualify was filed and prosecuted. Mrachek and Halmos have behaved throughout this proceeding as arrogant and overbearing bullies, and the Mrachek Response and the PAH Response manifest that same pharisaical attitude and behavior. Confronted with that reality, the Court concludes that a slap on the wrist would have no deterrent effect. With regret, the Court concludes that significant monetary sanctions are, unfortunately, the only way to get Mrachek's and PAH's attention and to deter similar future conduct by them or others.

ECF No. 414 in Case No. 11–19665–EPK (Bankr. S.D. Fla. Nov. 2, 2015) at pp. 10–11 (footnote omitted).  The antics PAH has manifested to date are providing this Court with an unfortunate glimpse of the conduct Judge Olson confronted.  PAH has willfully refused to file a brief for months, advertised that fact, and is now alleging at the eleventh hour that it is "impossible" to meet a deadline that has been extended for months.  The Court should condone this behavior and

should dismiss the appeal. *See Brake v. Tavormina (In re Beverly Mfg. Corp.)*, 778 F.2d 666, 667 (11th Cir. 1985) (dismissal of appeal appropriate when a party fails to timely file a brief and "bad faith, negligence or indifference has been shown") (citation omitted)

WHEREFORE, Mr. Eliopoulos respectfully requests that the Court deny the motion to extend time filed at ECF No. 36 and grant further relief as it deems appropriate.

### Certificate of Service

I HEREBY CERTIFY that on June 21, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record by Notices of Electronic Filing generated by CM/ECF.

**SHRAIBERG, FERRARA & LANDAU, P.A.**
Attorneys for Mr. Eliopoulos
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: plandau@sfl-pa.com
Email: pdorsey@sfl-pa.com

By: */s/ Philip J. Landau*
    Philip J. Landau, Esq.
    Fla. Bar. No. 0504017
    Patrick Dorsey, Esq.
    Fla. Bar. No. 0085841